# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2017

Lyle W. Cayce
Clerk

No. 17-60032
Summary Calendar

KORA MAURICIO-IXTLA; JAQUELINE GARCIA-MAURICIO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A202 121 091 &
A202 121 093

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Kora Mauricio-Ixtla and her daughter, Jaqueline Garcia-Mauricio, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from the immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

relief under the Convention Against Torture. Petitioners' applications alleged past harm and a fear of future harm by Walter Hugo Garcia, Mauricio's common-law husband and Garcia-Mauricio's father. They sought asylum based on Mauricio's alleged membership in the particular social group of "married women in Guatemala who are unable to leave their relationship".

Mauricio testified before the IJ that her relationship with Garcia began in 1994, but the relationship became violent in 2002. Despite the abuse, in 2003, Mauricio followed Garcia to the United States, leaving their daughter, Garcia-Mauricio, in Guatemala. Garcia was removed to Guatemala in 2006 after Mauricio filed a police report against him, alleging domestic violence.

Thereafter, Mauricio returned to Guatemala and moved in with Garcia before he, again, began abusing her. The record also reflects Garcia attempted to end the relationship and forced Mauricio out of the house eight times. Petitioners Mauricio and Garcia-Mauricio left Guatemala and Garcia for the United States a month after being forced out for the last time.

The IJ found petitioners removable, denied their applications for relief, and ordered them removed to Guatemala. The IJ found that, although petitioners identified a particular social group, petitioners could not demonstrate Mauricio was a member of that group, explaining Mauricio, *inter alia*: voluntarily resumed the relationship multiple times, refused to leave after Garcia terminated the relationship, and was not financially dependent on him.

Petitioners assert only that they are entitled to asylum based on Mauricio's membership in a social group of "married women in Guatemala who are unable to leave their relationship". Because they challenge only the BIA's finding that they were not entitled to asylum, any other challenges to the BIA's

decision are waived. *E.g.*, *Bright v. Holder*, 649 F.3d 397, 399 n.1 (5th Cir. 2011).

Whether an alien has demonstrated eligibility for asylum is a factual determination, reviewed for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen*, 470 F.3d at 1134 (internal quotation marks and citations omitted); 8 U.S.C. § 1252(b)(4)(B).

Asylum is discretionary and is granted to an alien who is, *inter alia*, unwilling to return to his home country because of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348 (5th Cir. 2006). As noted by the IJ and BIA, petitioners' evidence does not compel a conclusion Mauricio was unable to leave Guatemala for fear of abuse or that they were members of a defined social group. *Chen*, 470 F.3d at 1134. Conversely, the record supports the conclusion Garcia repeatedly forced Mauricio out of his house rather than forcing her to stay.

DENIED.